*41 Curia, per
Johnson, Ch.
This is an appeal from the decree of the Circuit Court, of June Term, 1835, dismissing the complainant’s bill, now for the first time brought before this court; and it is conceded on the part of the appellant that, according to the rules and practice of the Court, if that decree put an end to the cause, the appeal lay to the next succeeding session of the Court, and is now too late. But it is contended that a motion made at the last term, on the part of the defendant, for leave to tax costs against the complainant, put the Court again in possession of the cause, and the case of Turner and Price v. Nesbit is relied on as authorizing the present appeal. For the rule on this subject, I refer to the opinion of my brother Harper, in Johnson v. Britton, (see page 24,) delivered during this term; and will only add that if the dismissal of the complainant’s bill is not an end of the cause; and if it may be revived, by mere motion, whether bona fide or factitiously made, then there can be no end to a Chancery suit.
In theory, costs are discretionary in Chancery; but in practice, that discretion has been reduced to rules, defining, to some extent, the cases in which costs are, or are not, awarded; and upon examination, it will be found that costs are generally'allowed to the defendant in those cases, where as in this case the bill was for a discovery, and dismissed for want of it. Nor does the circumstance that the complainant sues as executor, take this case out of the rule; for the discovery sought here, was in relation to matters accruing after the death of the testator, as well as in his life time; and if the executor will mix up his own affairs with those of his testator, he must abide the consequences. At law, he would be liable for costs, if the suit related to matters arising in his own time, and in analogy to that rule, he will be held liable in Equity. The question whether the complainant should pay costs out of his own pocket, or out of the estate, will properly arise when he comes to account for his administration. The legatees or distribu-tees, are the persons interested in that question, and they are- not now before the Court.
The appeal is dismissed.